MAYER·BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

Christopher J. Houpt
Direct Tel +1 212 506 2380
Direct Fax +1 212 849 5830
choupt@mayerbrown.com

February 2, 2016

**VIA ECF AND HAND DELIVERY**

The Honorable George B. Daniels
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

Re:   *Blackrock Allocation Target Shares: Series S Portfolio, et al. v. The Bank of New York Mellon*, No. 14-cv-9372-GBD:  Notice of Supplemental Authority

Dear Judge Daniels:

On behalf of Defendant The Bank of New York Mellon ("BNYM"), we write to inform the Court of a recent decision by Judge Berman in the Southern District in *BlackRock Allocation Target Shares: Series S Portfolio, et al. v. Deutsche Bank National Trust Co., et al.*, Nos. 14-CV-09367, 14-CV-09371, 14-CV-09764, 14-CV-10067, 14-CV-10102, 15-CV-10033 (S.D.N.Y. Jan. 19, 2016) (Berman, J.), a copy of which is attached.

The decision, relating to six cases filed by various certificateholders against two trustees, granted Defendants' motion to dismiss "with respect to the Blackrock Plaintiffs' (761) PSA Trust-related claims." Opinion at 2. The court held that while it "may exercise supplemental jurisdiction over the PSA Trust-related claims" (Opinion at 7), it declined to do so pursuant to 28 U.S.C. § 1367(c) (Opinion at 8-10). It found that "Blackrock's state law PSA Trust claims 'substantially predominate' over its Federal Law Indenture Trust claims." Opinion at 9. The court relied on two previous Southern District cases, *Fixed Income Shares: Series M v. Citibank N.A.*, No. 14-CV-9373 (JMF), 2015 WL 5244707 (S.D.N.Y. Sept. 8, 2015) and *Blackrock Allocation Target Shares: Series S Portfolio v. U.S. Bank National Ass'n*, No. 14-CV-9401 (KBF), 2015 WL 2359319 (S.D.N.Y. May 18, 2015) in reaching its decision.[1]

---

[1]  BNYM recognizes that two other decisions, *Blackrock Balanced Capital Portfolio v. HSBC Bank USA, N.A.*, 95 F. Supp. 3d 703 (S.D.N.Y. 2015) and *Retirement Board of the Policemen's Annuity & Benefit Fund of the City of Chicago, et al. v. The Bank of New York Mellon*, No. 11 Civ. 05459, 2015 WL 9275680 (S.D.N.Y. Dec. 18, 2015), held that those courts have supplemental jurisdiction. BNYM has sought interlocutory review of the *Policemen's Fund* decision pursuant to 28 U.S.C. § 1292(b), but regardless, the decision is distinguishable. According to Judge Pauley, "the common nucleus of operative fact is demonstrably stronger" than it is here because "all of the trusts at issue were sponsored by Countrywide affiliates and serviced by Countrywide Home Loans Servicing." 2015 WL 9275680, at *4. Further, that court

(cont'd)

The *Deutsche Bank* decision supports many of the arguments we made in our motion to dismiss. The court recognized that in the case where only 76 out of the 837 Blackrock Trusts at issue (just over 9%) were Indenture Trusts, "[w]hile the predominance inquiry generally focuses upon the type of claims involved, courts recognize that 'a disparity in numbers between state and federal claims may be so great that it becomes dispositive by transforming the action to a substantial degree by causing the federal tail represented by a comparatively small number of plaintiffs to wag what in substance a state dog.'" Opinion at 9 (quoting *Fixed Income Shares*, 2015 WL 5244707, at *8). Here, only 17 out of 260 trusts are PSA trusts (roughly 6.5%). Judge Berman further determined "'that the time and resources spent on the PSA Trust claims, were the Court to retain jurisdiction over them, would far outweigh the time and resources devoted to the Indenture Trust claims.'" Opinion at 9-10 (quoting *Fixed Income Shares*, 2015 WL 5244707, at *8). The court also stated that "'the values of judicial economy, convenience, fairness, and comity'" weigh[ed] against exercising supplemental jurisdiction." Opinion at 10 (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

The court did not "rul[e] on the alternate merits of either parties' claims or defenses, including Defendants' alternative arguments for dismissal." Opinion at 2 n.2; *see id.* at 11.

Respectfully,

Christopher J. Houpt

---

(… cont'd)

noted that it had "presided over th[e] action for more than four years, while overseeing multiple motions to dismiss and the completion of fact discovery." *Id.* Finally, as we explained in our reply brief in support of our motion to dismiss (at 7-8, 9 n.9), we argue that the *HSBC* decision is not as persuasive as the now three courts that have declined to exercise supplemental jurisdiction.